IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 1305022458 |
| | ) | |
| CLINTON SHARP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

John R. Garey, Esq.
48 The Green
Dover, DE 19901
Attorney for the Defendant

D. Benjamin Snyder, Esq.
Deputy Attorney General
Department of Justice
103 West Water Street
Dover, DE 19901
Attorney for the State

Submitted:   April 17, 2014
Decided:    May 5, 2014

**DECISION ON DEFENDANT'S MOTION TO SUPPRESS**

Defendant, Clinton Sharp, has been charged with Driving Under the Influence ("DUI") in violation of title 21, section 4177(a)(1) of the Delaware Code and Failure to Stop at a Red Light in violation of title 21, section 4108(a)(3) of the Delaware Code. Counsel for the defendant has

filed a motion to suppress the results of a blood draw taken during the execution of a search warrant on the grounds that such warrant is not supported by probable cause. This correspondence constitutes the Court's decision on the motion. The defendant's motion to suppress is granted.

## FACTS

On or about May 26, 2013, at approximately 8:53 p.m., a police officer from the Dover Police Department was notified of a motor vehicle accident on South State Street at the intersection of South DuPont Highway. The officer conducted an investigation of the accident scene and based on his training and experience, believed that the defendant appeared to be under the influence of alcohol. The sole issue in this case is the sufficiency of the affidavit of probable cause offered by the officer in support of a search warrant to extract the defendant's blood. The probable cause affidavit in this case states:

1. That your Affiant, PFC [name omitted], has been a member of the Dover Police Department since Sept. 11, 2006. That your affiant graduated from the Delaware State Police Academy. Your affiant has been through several DUI detection classes certified by NHTSA at the Delaware State Police Academy and Dover Police Department which places an emphasis on the detection of operators driving under the influence of alcohol. Your affiant is a certified collision reconstructionist graduating from Collision Reconstruction and Analysis at the Virginia State Academy in Sept. 2010.

2. That on May 26, 2013 at approximately 2053 hrs the Dover Police Department was notified of a serious personal injury accident having just occurred on South State Street at the intersection of S. Dupont Hwy.

3. This location is within the incorporated city limits of Dover.

4. That upon arrival your affiant located Clinton Sharp seated in the driver's seat of a 1998 oldsmobile [sic] 88 bearing Delaware registration [number omitted] and appeared to be injured as a result of the accident.

5. That your affiant was able to determine that Sharp was the operator of this vehicle prior to the accident.

2

6. That David Davis Jr [sic] had to be immediately transported by ambulance from the scene to Bayhealth Medical Center for treatment.

7. Upon contact with the [sic] Sharp affiant smelled a strong odor of alcoholic Beverage [sic] coming from his breath.

8. Sharp also had slurred speak [sic] and blood shoot [sic] eyes.

9. That based on your affiant's training and experience your affiant believes that Sharp appeared to be under the influence of intoxicating beverages.

10. That your affiant wishes to have medical personnel attempt to remove an amount of blood, of sufficient quantity for later testing, from the body of Clinton Sharp DOB [date omitted] for which recovery of this evidence is necessary to further the State's pending criminal investigation against Clinton Sharp DOB [date omitted].

11. That Clinton Sharp did provide affiant with a breath sample in affiants PBT which provided a reading of 0.136% BAC.

12. Based upon your affiants training, experience and participation in other driving under the influence investigations particularly alcohol and illegal and/or prescribed drugs your affiant knows that:

    a. that when operators of motor vehicles consume various amount of alcohol prior to and during the operation of a motor vehicle their ability to safely operate a motor vehicle is impaired thereby endangering the citizens of the State of Delaware.

    b. that when operators of motor vehicles consume various amounts of illegal and/or prescription drugs prior to and during the operation of a motor vehicle their ability to safely operate a motor vehicle is impaired thereby endangering the citizens of the State of Delaware.

    c. that these various amounts of alcohol and illegal and/or prescription drugs will dissipate over time from within the bloodstream of the operator if a sample of the operator's blood is not recovered within a sufficient amount of time.

    d. that the facts in the above listed probable cause sufficiently establish Clinton Sharp DOB [date omitted] was operating a motor vehicle in violation of Title 21, Chapter 41, Section 4177 of the Delaware Code and a search of Clinton Sharp DOB [date omitted] is necessary to recover additional evidence that would otherwise be lost or destroyed.

Wherefore, these affiants pray that a search warrant may be issued authorizing a search of the aforesaid: Clinton Sharp DOB [date omitted], of [address omitted] driver's license

number [number omitted], and the blood of Clinton Sharp being in the City of Dover, County of Kent, State of Delaware, in the manner provided by law.

## ARGUMENTS

The defendant contends that the four corners of the officer's affidavit fails to establish probable cause to issue a search warrant to draw the defendant's blood. He argues that the officer's inclusion of the actual reading of the defendant's performance on the PBT was inadmissible and should have been excluded from the magistrate's probable cause analysis. The defendant relies on *Price v. Voshell*, arguing that "[f]rom an evidentiary standpoint, it is the better practice to have the preliminary screening test result expressed only in terms of passing, inconclusiveness or failing and not in terms of an actual reading." 1991 WL 89866, at *4 (Del. Super. May 10, 1991). The defendant contends that with the exclusion of the PBT results, the affidavit fails to set forth sufficient probable cause for the magistrate to issue a search warrant for the defendant's blood.

The State counters that while the best practice may be to express the defendant's performance as pass or fail, the actual results of a PBT may be used to establish probable cause. Furthermore, the State argues that the defendant's performance on the PBT may be considered regardless of whether the affidavit contains the protocols adopted by the officer in administering the PBT. Relying on *State v. Holden*, the State contends that probable cause affidavits are tested under less rigorous standards then those governing the admissibility of evidence at trial. 60 A.3d 1110, 1115 (Del. 2011). The State also counters that the officer's affidavit establishes probable cause even if the results of the PBT are omitted from the Court's analysis. The State relies on *State v. Williams*, arguing that probable cause has been established where there is evidence of erratic driving, odor of alcohol, bloodshot and glassy eyes, and admission to consuming alcohol.

4

2012 WL 6738546, at *2 (Del. Com. Pl. Oct. 25, 2012) (citing *Bease v. State*, 884 A.2d 495, 498 (Del. 2005)).

## DISCUSSION

"The Fourth Amendment of the U.S. Constitution requires that a search warrant be issued only upon a finding of probable cause, which must be premised on the information within the four-corners of the affidavit in support of a search warrant." *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013). Probable cause is based on an analysis of the totality of the circumstances. *Id.* This Court must determine whether the requesting officer's affidavit gave the issuing magistrate a "substantial basis" to conclude probable cause existed. *State v. Rybicki*, 2014 WL 637004, at *1 (Del. Super. Jan. 14, 2014). A magistrate's finding of probable cause should be accorded great deference; however, the reviewing court must determine whether the magistrate's decision reflects a proper analysis of the totality of the circumstances." *Id.*

### I. PBT Results

A defendant's performance on a PBT may be used for purposes of establishing probable cause to require the defendant to undergo chemical tests or to arrest the defendant for DUI. *State v. Blake*, 2009 WL 3043964, at *4 (Del. Com. Pl. Sept. 14, 2009). While "it is the better practice to have the preliminary screening test result expressed only in terms of passing, inconclusiveness or failing and not in terms of an actual reading," there is no prohibition on introducing the actual reading of the PBT for purposes of establishing probable cause. *Price v. Voshell*, 1991 WL 89866, at *4 (Del. Super. May 10, 1991) (quoting *The New DUI Law; A Judge's Bench Manual*, Second Edition, Oct. 1983, pp. 25, 26.); *see Maulo v. State*, 27 A.3d 551, 2011 WL 3849498, at *2 (Del. Aug. 30, 2011) (TABLE) (discussing that the defendant was administered a PBT which revealed that that the defendant had a blood alcohol content of 0.147). However, "[o]ur courts

5

have held that before admitting PBT results [for purposes of probable cause], the State must lay a proper foundation, by establishing that the police officer properly calibrated the PBT machine, and that the officer had been trained to operate the test." *Miller v. State*, 4 A.3d 371, 374 (Del. 2010). "[A]ny question as to the PBT's proper foundation may only go to the weight placed on the test result, rather than its admissibility. *State v. Beheler*, 2010 WL 2195978, at *4 (Del. Com. Pl. Apr. 22, 2010) (quoting *Blake*, 2009 WL 3043964, at *4) (internal quotation marks omitted).

In this case, the officer included the actual result of the defendant's performance on the PBT in his affidavit of probable cause. The Court disagrees with the defendant that the officer was precluded from referencing the actual results of the defendant's PBT performance in the affidavit. Whether expressed in terms of a pass, failure or the actual numerical score, a defendant's performance on a PBT may be used for purposes of establishing probable cause. However, the Court does find that the defendant's PBT results should be accorded little weight in the totality of the circumstances analysis pursuant to the lack of foundation for the PBT. The affidavit did not include any information regarding the calibration of the PBT or whether the officer observed the defendant for the requisite time prior to the test.

The Court acknowledges that "affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial." *Holden*, 60 A.3d at 1115 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). However, a blood draw is an "invasion of bodily integrity [that] implicates an individual's 'most personal and deep-rooted expectations of privacy.'" *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013) (quoting *Winston v. Lee*, 470 U.S. 753, 760 (1985)). While the Court agrees that the results of the PBT are admissible for purposes of establishing probable cause, the weight assigned to those results

6

depends on the reliability of the evidence. *Holden*, 60 A.3d at 1115-16 (stating that an informant's tip may provide probable cause if the totality of the circumstances indicates that the information is reliable.). It is well-established that without establishing the proper foundation, the results of a PBT are accorded little weight in the totality of the circumstances analysis. *Miller*, 4 A.3d at 374. Therefore, the Court concludes that while the numerical results of the PBT are *admissible*, they should have been accorded little weight by the issuing magistrate due to the officer's failure to establish the proper foundation to prove the results reliable.

## II. Probable Cause

The issue remaining before the Court is whether, after according the appropriate weight to the evidence in the four corners of the affidavit, the magistrate had a substantial basis to find that there was probable cause to believe that the defendant's "blood would yield evidence of consumption of alcohol beyond the legal limit, or sufficient alcohol content to support a charge of driving while under the influence of alcohol." *Rybicki*, 2014 WL 637004, at *1. In this case, in addition to the results of the PBT, the affidavit states that: (1) the defendant was involved in a traffic accident with another vehicle; (2) the defendant emitted a strong odor of alcohol; (3) the defendant had blood shot eyes; and (4) the defendant's speech was slurred. Based on the totality of the circumstances, the Court does not believe that the affidavit demonstrates the requisite probable cause to issue a search warrant for the defendant's blood.

Where an officer arrives at the scene of an accident without having the opportunity to observe an individual driving erratically or committing a traffic violation, evidence indicating the nature of the accident or that the accident was the fault of the defendant is given weight in the Court's probable cause analysis. *See State v. Bevelheimer*, 2012 WL 2064604, at *2 (Del. Com. Pl. June 8, 2012) (holding that "[i]t appears that where someone runs into the rear of a stopped

7

vehicle at a red light on a major highway, with an odor of alcohol, slurred speech, and bloodshot eyes, any reasonable officer could fairly conclude that is probable cause to take [the person] into custody for further testing."); *State v. Robinson*, 2006 WL 1148477, at *5 (May 1, 2006) (concluding that probable cause for a search warrant was established where the officer's affidavit stated that "the [defendant's] vehicle had been traveling at a high rate of speed and had hit a second car, the guardrails several times, and two different trees."). In *State v. Rybicki*, the Superior Court found that the four corners of an officer's affidavit demonstrated that the issuing magistrate had a substantial basis to conclude that the defendant was driving under the influence. 2014 WL 637004 (Del. Super. Jan. 14, 2014). The officer's affidavit stated that the defendant was involved in a single-car accident. The defendant "went up and over a grass embankment from the park and ride parking lot striking the curb and coming to rest facing [westbound] across the [northbound] lanes. . . ." *Id.* at *1. Upon contacted with the defendant, the officer detected an odor of alcoholic beverage. *Id.* The Court held that:

> [t]he *nature of the accident*, combined with the officer's personal observation of an odor of alcohol on Defendant's breath, constitute probable cause to believe that Defendant was under the influence of alcohol at the time of the accident, and that evidence of alcohol consumption could be obtained from a test of Defendant's blood.

*Id.* (emphasis added).

In this case, the affidavit stated that the defendant was involved in a two-car accident. Unlike the accidents in *Bevelheimer*, *Rybicki* and *Robinson*, the affidavit does not assign fault to the defendant, nor does it include a description of the accident that would lead a reasonable person to believe that the accident was attributable to the defendant.[1] The affidavit does not contain any evidence indicating the nature of the accident. The State argues that probable cause

---

[1] Furthermore, the State notes in its reply brief that the officer "was called out to a serious personal injury accident of *undetermined cause*." State's Reply Br. 1 (emphasis added).

8

has "been found where the driver was driving erratically, smelled of alcohol, had bloodshot and glassy eyes, and admitted he had consumed alcohol the night before." *State v. Williams*, 2012 WL 6738546, at \*2 (Del. Com. Pl. Oct. 25, 2012) (citing *Bease v. State*, 884 A.2d 495, 498 (Del. 2005)). However, the affidavit does not contain any information regarding the officer's observations of the defendant's driving and the defendant did not admit to consuming alcohol. The affidavit merely states that the defendant was involved in an accident with another vehicle where *both* the defendant and the other driver sustained injuries.

## CONCLUSION

Based on the foregoing analysis, the Court finds that the magistrate did not have a substantial basis to conclude that there was probable cause to believe that the defendant was driving under the influence based on the information contained within the four corners of the officer's affidavit. Therefore, the results of the defendant's blood draw must be suppressed. The defendant's Motion to Suppress is GRANTED.

**IT IS SO ORDERED this 5ᵗʰ day of MAY, 2014.**

CHARLES W. WELCH
JUDGE