# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | |
| v. | : | |
| | : | |
| EZRI TURNER | : | |
| 1502014211 | : | |
| | : | |
| Defendant. | : | |

*Submitted: December 11, 2015*
*Decided: January 5, 2016*

## MEMORANDUM OPINION

### Upon Defendant's Motion to Suppress
### DENIED

Zachary A. George, Esquire, Department of Justice, for the State.

J'Aime L. Walker, Public Defender's Office, for the Defendant.


Clark, J.

## I. INTRODUCTION

The issues before the Court involve Defendant's Motion to Suppress evidence seized after his traffic stop and arrest. Defendant argues that the arresting officer lacked reasonable suspicion to stop Defendant's vehicle. Defendant also argues that the arresting officer lacked probable cause to arrest Defendant and accordingly that the weapon and ammunition seized pursuant to a search incident to that arrest should

be suppressed. For the following reasons, Defendant's Motion to Suppress evidence is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court held a suppression hearing on November 30, 2015. The parties then supplemented the record with written arguments that concluded on December 11, 2015. The following constitute the findings of fact applicable to the suppression motion.

On February 24, 2015, Officer Martinek, of the Dover Police Department, stopped Defendant's vehicle for failing to signal while changing lanes in violation of 21 *Del. C.* § 4155. Prior to this traffic stop, Officer Martinek received a tip from a confidential informant ("CI") regarding Ezri Turner (" Defendant"). The CI was a past, proven and reliable source having previously provided three valid tips resulting in arrests. The CI told Officer Martinek that a person nicknamed "Izzy" was going to be in the area of Club Fitness Gym on Bay Road in Dover. The CI identified the vehicle as a green Nissan Sentra and provided the tag number, 540994. The CI also informed Officer Martinek that Izzy would be in possession of a firearm.

Officer Martinek and Probation Officer Stagg drove southbound on Bay Road toward the identified shopping center. As they approached, the officers noticed a green Nissan Sentra leaving Club Fitness's parking lot. The green Nissan's license

plate matched the one provided by the CI.

Officer Martinek then began to follow the vehicle. As he followed the green Nissan Sentra northbound on Bay Road, the vehicle traveled in the left lane. The driver of the Nissan then moved into a left turn lane without using a turn signal. While stationary and waiting to make his left turn, the Defendant activated his signal while the officers sat to his rear.

After this traffic infraction, Officer Martinek activated his emergency equipment. This also activated the vehicle's MVR which runs constantly, but does not preserve a recording until approximately twenty seconds before the emergency equipment is activated. The camera's video, which was reviewed in Court, does not show the traffic infraction. According to Officer Martinek, the infraction occurred before the start of the video.

At the direction of the officers, Defendant's vehicle turned into a Royal Farms parking lot and stopped. As Officer Martinek approached the vehicle, he noticed that the Defendant seemed extremely nervous. Officer Martinek testified that at that point he was on high alert for his safety because of a possible gun in the vehicle. Officer Martinek then explained to Defendant why he was stopped. Defendant became argumentative and began raising his window while Officer Martinek's stood at the car's door. Officer Martinek believed, based on his 10 years of experience, that the Defendant was going to put the car into drive and flee. Officer Martinek did not see

3

a gun and assumed that if there was one, it was hidden.

At that point, the officer asked Defendant to step out of the vehicle. Defendant refused. Officer Martinek then opened the vehicle door and removed Defendant from the vehicle with the assistance of two other officers. At that point, Defendant attempted to flee. It required four officers wrestling with Defendant, and eventually tasing Defendant, in order to place him in custody.

Once Defendant was detained and arrested, the officers searched the vehicle. The search revealed a black 9mm handgun beneath the driver's seat with an obliterated serial number and 6 rounds in a seated magazine. The State indicted the Defendant for Assault Second Degree, Resisting Arrest with Force or Violence, Carrying a Concealed Deadly Weapon, Possession of a Weapon with a Removed, Obliterated, or Altered Serial Number, and Criminal Mischief.[1]

## III. STANDARD OF REVIEW

In a Motion to Suppress, pursuant to a search without a warrant, the State bears the burden of establishing that the challenged search or seizure complied with the rights guaranteed by the United States Constitution, the Delaware Constitution, and

---

[1] Approximately 21.6 grams of marijuana and a scale were also found in the trunk of the vehicle. Since Defendant was not indicted for drug related offenses, the seizure of contraband from inside the trunk was not addressed by the parties. The legality of the search of the trunk, therefore is not addressed by this decision.

Delaware statutory law.[2]  The State's evidentiary burden in a motion to suppress is to prove the challenged matter by a preponderance of the evidence.[3] At a suppression hearing, the trial judge sits as the trier of fact, and determines witness credibility.[4]

## IV. DISCUSSION

Defendant argues that the initial stop was not lawful because it was pretextual and because the tips provided by the CI were not sufficiently reliable or relevant to justify a stop.  Defendant also argues that the subsequent arrest was illegal. Accordingly, the Defendant argues that any evidence seized in a search incident to an illegal arrest is not admissible.  The State responds by arguing that the initial stop was reasonable and justified because Officer Martinek observed a traffic infraction. Furthermore, the State argues that Defendant's refusal to exit the vehicle, flight, and assault of an officer, justified his arrest and the search of the vehicle. The Court finds that there was probable cause for the initial traffic stop.  It also finds that the search of the vehicle producing the weapon and ammunition was also lawful. Consequently, suppression of the challenged evidence is not warranted.

**A. The traffic stop was justified and reasonable**.

---

[2]  *State v. Holmes*, 2015 WL 5168374, at *3 (Del. Super. Sept. 3, 2015).

[3] *State v. Darling*, 2007 WL 1784185, at *1 (Del. Super. June 8, 2007), as corrected (July 3, 2007).

[4] *Turner v. State*, 957 A.2d 565, 570-71 (Del. 2008).

The Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Delaware Constitution protect individuals from unreasonable searches and seizures.[5] A stop under the Fourth Amendment "is reasonable if it is supported by probable cause to believe that a traffic [or pedestrian] violation has occurred. The standard remains the same regardless of the subjective intent of the officer at the time of the stop."[6] The Fourth Amendment constitutional reasonableness standard for a traffic stop does not depend on the actual motivations of an individual officer. Subjective intentions play no role in probable cause analysis under the Fourth Amendment.[7] Therefore, as long as an officer makes a traffic stop based on a violation of the traffic code in his presence, any pretextual reasons or actual motivations that may also be involved in the officer's actions are irrelevant.[8]

Defendant argues, citing *State v. Heath*, that the traffic stop was pretextual in nature because it was motivated by the CI's tip. Defendant asserts that the tip included no allegation of criminal activity. Namely, the reference to "Izzy's" possession of a gun involved no criminal conduct. Defendant emphasizes that the possession of a gun, absent other circumstances, is not criminal. Admittedly, *State*

---

[5]*Holmes*, 2015 WL 5168374, at *3.

[6] *Darling*, 2007 WL 1784185, at *3.

[7] *Id.*

[8] *Id.*

6

*v. Heath* held that if a stop is motivated by an unrelated (and unjustified) purpose, and absent that purpose the stop would not have been made, then that stop is pretextual and unlawful.[9]

However, despite opportunity, the Delaware Supreme Court has declined to adopt the holding in *Heath*. Namely, in *Turner v. State*, the Defendant argued that the traffic stop was pretextual, and pursuant to the holding in *Heath*, violated Article 1, Section 6 of the Delaware Constitution. The Supreme Court declined to follow *Heath,* however, noting "[t]hat decision was not appealed, and *Heath* has not been followed in any other Superior Court decisions."[10] For this reason, the Court does not rely upon *Heath* as support that an alleged pretextual reason for the stop rendered it and the subsequent search unconstitutional.

Here, Officer Martinek testified that he witnessed a violation of 21 *Del. C.* § 4155 when Defendant did not use his turn signal to change lanes. Defendant also contests this, as a factual matter, because the traffic violation was not captured on the video recording shown in Court. The Court, however, finds Officer Martinek's testimony to be credible and finds that a traffic violation in fact occurred. Namely, the Court is satisfied, by a preponderance of the evidence, that a traffic violation occurred and the video, during the normal course of its operation, first shows

[9] *State v. Heath*, 929 A.2d 390, 402–03 (Del.Super. 2006).

[10] *Turner v. State*, 25 A.3d 774, 777 (Del.2011).

Defendant's vehicle after the violation. Accordingly, there was probable cause to stop Defendant's vehicle.

**B. Officer Martinek had probable cause to arrest Defendant and justifiably searched the vehicle**.

An arresting officer has probable cause to make a warrantless arrest "whenever the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the arrestee . . . had committed or [was] committing an offense."[11] An officer must have probable cause to conduct an arrest, under the totality of the circumstances, as viewed by a reasonable police officer in light of his or her training and experience.[12] The facts must suggest that a fair probability exists that the defendant has committed a crime.[13] Finally, "the passenger compartment of a car may be searched incident to the lawful arrest of an occupant of that car."[14] However, "an officer, lacking reasonable suspicion to effect a stop or search that leads to an illegal arrest [cannot] contend that evidence seized incident to that illegal arrest is admissible."[15]

---

[11] *State v. Manley*, 706 A.2d 535, 538-39 (Del. Super. 1996).

[12] *Miller v. State*, 4 A.3d 371, 373-74 (Del. 2010).

[13] *Id.*

[14] *Ortiz v. State*, 2004 WL 2741185, at *2 (Del. Nov. 16, 2004).

[15] *Jones v. State*, 745 A.2d 856, 873 (Del. 1998).

8

While a great deal of time at the hearing involved testimony regarding the CI's tip, this aspect of the case turns on the Defendant's conduct after being lawfully told to exit the vehicle. The Delaware Supreme Court has recognized that "[t]he police may order the driver or a passenger [of a vehicle] to exit the car after a valid traffic stop."[16] If a Defendant is already lawfully detained as a consequence of a valid traffic stop, limiting his mobility, and then asking him to exit the vehicle is not considered a second seizure. It is a legal order from an officer.[17] Here, Officer Martinek ordered Defendant to exit the vehicle after making a lawful traffic stop. The Defendant refused the lawful order, attempted to flee, and resisted arrest.

In arguing against the legality of the search, Defendant also relies upon *Jones v. State's* holding that a completely unlawful stop does not justify a search incident to an illegal arrest. In *Jones v. State*, however, the defendant was stopped without reasonable articulable suspicion.[18] Namely, the officer in *Jones* had "no reasonable and articulable ground to suspect that Jones was committing, had committed, or was about to commit a crime."[19] During that illegal seizure, the defendant resisted arrest.[20]

---

[16] *Loper v. State*, 9 A.3d 1169, 1174 (Del. 2014) (citing *Pennsylvania v. Mimms*, 434 U.S. 106 (1977)).

[17] *Id.*

[18] *Jones,* 745 A.2d 856, at 863.

[19] *Id.*

[20] *Id.* at 872

Because the initial stop and seizure were not reasonable or justified, the Court ruled that any evidence seized from a search incident to arrest was inadmissible at trial.[21]

In the case at hand, the initial stop was supported by probable cause of a traffic offense. Officer Martinek had probable cause to stop and then cite Defendant for a traffic violation.  Likewise, he then had lawful authority to order Defendant to step out of the car.  Defendant refused, fled, and then fought the officers. For purposes of this suppression motion, the Court finds by a preponderance of the evidence that Defendant assaulted Officer Martinek, resisted arrest, and committed the crime of criminal mischief by damaging the officer's property.  It therefore follows that there was probable cause to arrest Defendant at that point and to then search the vehicle incident to an arrest.

## V. CONCLUSION

For the reasons cited, the Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Judge

---

[21] *Id.* at 872-73.