# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 1701017237 |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| JOSEPH R. DOPIRAK | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Submitted: July 14, 2017
Decided:  July 24, 2017

On this 24th day of July 2017, having considered Defendant Joseph R. Dopirak's (hereinafter "Mr. Dopirak's") motion to suppress, and the State's response, it appears that:

1. Patrolman Wilks of the Harrington Police Department arrested Defendant Joseph R. Dopirak, Jr. (hereinafter "Mr. Dopirak") on January 28, 2017 for Driving a Vehicle Under the Influence of Alcohol.  Mr. Dopirak challenges the legality of the seizure of his blood after this arrest.  Specifically, Mr. Dopirak argues that the facts alleged in the affidavit of probable cause are too conclusory to justify a finding of probable cause.  Mr. Dopirak secondarily argues that if the warrant for the seizure was sufficient, the State should have obtained a second warrant before actually testing his blood.

2.  The relevant facts alleged in the affidavit of probable cause are the following: (1) Patrolman Wilks is NHSTA trained; (2) Patrolman Wilks stopped Mr. Dopirak while he was travelling southbound in the northbound lanes of Route 13, in Harrington; (3) Patrolman Wilks detected a strong odor of alcohol emanating from

Mr. Dopirak; (4) Mr. Dopirak performed both pre-exit tests and NHTSA field tests in an unsatisfactory manner; (5) Mr. Dopirak's Portable Breath Test (hereinafter "PBT") result revealed a .165 BAC; and (6) Mr. Dopirak refused to provide a breath sample for an intoxilyzer or a blood sample after his arrest while at the Harrington Police Department.

3. Mr. Dopirak argues that under the totality of the circumstances, these recited facts did not justify a magistrate in issuing a warrant to seize his blood. In addressing the above-mentioned facts in reverse order, he argues that the Court should assign no weight to the PBT result because the affidavit did not recite facts referencing foundational requirements such as calibration and observance of a fifteen minute observation period. He also relies on a Court of Common Pleas decision refusing to assign weight to an officer's conclusory statement that a Defendant failed "field sobriety tests" without referencing which tests were given.[1] Here, Patrolman Wilks' affidavit provides only that Mr. Dopirak was unable to perform pre-exit tests and NHTSA tests "in a satisfactory manner." According to Mr. Dopirak, if neither the field tests nor the PBT are given any weight, the only remaining recited evidence of impairment is a single traffic violation and a strong odor of alcohol.

4. In reviewing this case, the Court recognizes that the State must obtain a warrant to justify a blood draw absent exigent circumstances or consent.[2] Here, the State proffers no exception to the warrant requirement. In evaluating the sufficiency of a warrant, this Court is required to give "great deference" to a magistrate's determination of probable cause and the review should not "take the form of a de

---

[1] *State v. Cajthaml*, 2013 WL 12201338, at * 1 (Del. Com.Pl. Dec. 16, 2013).
[2] *Flonnery v. State*, 109 A.3d 1060, 1065 (Del. 2015).

novo review." [3] The reviewing court, however, must determine whether the magistrate's decision "reflects a proper analysis of the totality of the circumstances."[4] Affidavits of probable cause are subject to "much less rigorous standards than those governing the admissibility of evidence at trial . . ."[5] Our Supreme Court has "eschewed a 'hypertechnical' approach to reviewing a search warrant affidavit."[6] Unlike in a challenge of a warrantless seizure, in a motion to suppress challenging the validity of a search warrant, the defendant bears the burden of proving that the challenged search or seizure was unlawful.[7]

5. Here, the Court disagrees with Mr. Dopirak's argument that the facts in the case at hand are analogous to those in *Lefebvre v. State*.[8] His argument is based on the Delaware Supreme Court's acceptance in *Lefebvre* of the premise that " a traffic violation combined with an odor of alcohol, standing alone, do not constitute probable cause to arrest the driver for a DUI offense."[9] The case at hand, however, involves a recitation of facts in the probable cause affidavit that justify the magistrate's decision regarding probable cause, even without the inclusion of the PBT result or the NHTSA tests. Namely, in providing the required deference to the magistrate, the Court must recognize the nature of the motor vehicle violation at

---

[3] *State v. Holden*, 60 A.3d 1110, 1114(Del. 2013).
[4] *Id.* (citation omitted).
[5] *Id.* at 1115.
[6] *Id.*
[7] *State v. Hackendorn*, 2016 WL 266360, at * 2 (Jan. 13, 2016) (citing *State v. Sisson*, 883 A.2d 868, 875 (Del. Super. 2005). This approach is particularly appropriate given the U.S. Supreme Court's concern regarding lowering the deference due for warrants signed by neutral magistrates because non-lawyer police officers draft them. *Holden*, 60 A.3d at 1114-1115(citing *Illinois v Gates*, 462 U.S. 213, 236). In contrast, in a suppression *hearing*, where the State has the burden of proof, the State is represented by counsel who is better able to address foundational and evidentiary technicalities.
[8] 19 A.3d 287 (Del. 2011).
[9] Id. at 293 (citation omitted).

issue. Namely, Mr. Dopirak was not merely changing lanes while failing to signal or following another vehicle too closely. He was stopped by the officer driving in wrong direction on Route 13, a divided highway. This rather egregious erratic driving, combined with a strong odor of alcohol and a refusal to submit to an intoxilyzer test or a blood draw, are sufficient facts for a magistrate to have found probable cause under the totality of the circumstances. Of note, the State does not merely rely on a technical traffic violation and an odor of alcohol. In addition, the affidavit recites Mr. Dopirak's refusal to submit to subsequent testing. Refusal to submit to chemical testing is a factor that is supportive of a finding of probable cause.[10]

6. When analyzed without considering the PBT results or the reference to unsatisfactorily performed NHTSA tests, the facts of this case are most analogous to the Delaware Supreme Court's decision in *Rybicki v. State*.[11] There, the Supreme Court found that a search warrant affidavit justified a finding of probable cause where the defendant was involved in a one car accident, smelled of alcohol, and refused sobriety and chemical tests.[12] Although Mr. Dopirak did not crash his vehicle, the nature of his motor vehicle violation -- travelling the wrong way in the northbound lanes of Route 13 -- cannot be said to support probable cause any less than a one car accident. As the Supreme Court recognized in *Rybicki*, any one of the facts considered in isolation, may have been insufficient to establish probable

---

[10] *See Church v. State*, 11 A.3d 226 (Table), 2010 WL 5342963, at *2 (Del. Dec. 22, 2010)(holding that a "defendant's refusal to submit to testing may be used for any relevant purpose, including to show consciousness of guilt.") It follows that if such evidence is admissible for purposes of trial, it may be considered for purposes of probable cause analysis. *See also* 21 Del. C. § 2749 (providing that "the court may admit evidence of the refusal . . . to submit to a chemical test of breath [or] blood . . .").

[11] 119 A.3d 663 (Del. 2015).

[12] *Id.* at 669.

cause.[13] However, under the totality of the circumstances, and the rational inferences drawn therefrom, a probable cause finding was justified.[14]

7. The Court also does not agree, given the different level of review required regarding a search supported by warrant as opposed to a warrantless search, that the PBT reading of .165, which is greater than twice the legal limit, should not also be assigned some weight in the analysis.[15] In addition, the officer's recitation that he administered NHTSA field sobriety tests which Mr. Dopirak did not complete satisfactorily, deserves some weight in a totality of the circumstances analysis.

8. Mr. Dopirak argues that two Delaware cases preclude any consideration of the PBT results or the NHTSA test results. Both cases, however, are distinguishable. First, in *Miller v. State*, 4 A.3d 371, 374 (Del. 2010), the Delaware Supreme Court noted in *dicta* that before admitting results of a PBT in a suppression hearing for a warrantless arrest and intoxilyzer test, "the State must lay a proper foundation, by establishing that the police officer properly calibrated the PBT machine, and that the officer had been trained to operate the test."[16] In support, the Supreme Court cited a Court of Common Pleas decision and a Superior Court decision both making this finding in the context of suppression hearings as opposed to the review of a search warrant affidavit. Given the fact that the burden is placed upon the defendant challenging a warrant, and the deference provided on review, this Court holds that it was not inappropriate for an issuing magistrate to infer that the machine at issue was

---

[13] *Id.* at 670.
[14] *Id.*
[15] *See State v. Hackendorn*, 2016 WL 266360, at *4 (Del. Super. Jan. 13, 2016) (holding that in the context of a blood draw warrant, it is appropriate to assign at least some weight to "a sworn statement regarding a PBT result, [the affidavit] need not include a recital that the device was calibrated, the officer was trained in its operation, or that the waiting period was observed. In the Court's view, a magistrate reviewing the affidavit . . ., given the great deference that is due, cannot be said to have erred in finding probable cause to issue the warrant.").
[16] 4 A.3d 371, 374 (Del. 2010).

calibrated and operated properly. In this regard, an absence of reciting such background information that would be foundational in an evidentiary hearing, impacts the weight of a PBT result. It does not however properly eliminate all weight of such statement in the context of a search warrant review.

9. Likewise, the Court will not hold that it was inappropriate for a magistrate to assign any weight to the fact that Mr. Dopirak performed unsatisfactorily on the NHTSA tests. While he correctly argues that the Court of Common Pleas decision examining a blood draw warrant, *State v. Cajthaml*, supports his position, it is distinguishable. Namely, the Court of Common Pleas in that case focused on the affidavit's statement merely that "field sobriety tests" were failed.[17] The Court of Common Pleas was most troubled by the difference between NHTSA's standardized tests and unspecified "field sobriety tests".[18] Here, Patrolman Wilks recited that Mr. Dopirak performed NHTSA tests unsatisfactorily. In applying the required deferential standard appropriate in a warrant review, this Court finds that the magistrate could have properly inferred the facts necessary to include failed NHTSA tests in his or her probable cause analysis. To the extent this reasoning is inconsistent with the Court of Common Pleas decision in *Cajthaml*, the Court declines to follow *Cajthaml*. Accordingly, both the NHTSA test results, as well as the PBT results are properly considered when evaluating the totality of the circumstances.

10. Finally, Mr. Dopirak argues that the testing of his blood sample was illegal without an additional warrant for the sample's actual testing. He did not cite authority in support of this position. In the absence of any such authority, the Court declines to hold that a second warrant would be necessary, given the fact that no further invasion of privacy is engendered by the testing of blood after the blood is

---

[17] *Cajthaml*, 2013 WL 12201338 at * 1.
[18] *Id.* at *2.

already validly seized *for the purposes of testing*. Moreover, it is appropriate to review the search warrant as a whole. Its order approved a "search" of Mr. Dopirak's blood, and the order incorporated the application for the warrant that expressly sought permission for issuance of a search warrant for purposes of determining whether Mr. Dopirak committed the crime of driving under the influence of alcohol and/or drugs. This fairly includes within the order that the blood may be tested after it is seized.

WHEREFORE, for the aforementioned reasons, Defendant Joseph Dopirak's motion to suppress is DENIED.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge