**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,           )
                                   )
          v.                   )         Case No. 1807018283
                                   )
MARCO RIZZO                )
                                   )
      Defendant.          )

Submitted: February 15, 2019
Decided: April 12, 2019

Anthony J. Hill, Esq.                          Joseph Hurley, Esq.
Deputy Attorney General                   Attorney at Law
820 N. French Street                          1215 King Street
Wilmington, DE 19801                  Wilmington, DE 19801
*Attorney for the State of Delaware*       *Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION TO SUPPRESS AND MOTION TO STRIKE**

The defendant, Marco Rizzo (hereinafter the "Defendant"), brings this Motion to Suppress and Motion to Strike. Defendant was arrested for Driving Under the Influence ("DUI") and Failure to Remain in a Single Lane for which he now stands trial. Defendant alleges that the warrant affidavit used to obtain Defendant's blood was insufficient to establish probable cause, that the officer administering the Horizontal Gaze Nystagmus ("HGN") test is not credible and that Defendant's deficiencies in the English language negates probable cause. The State opposes Defendant's Motion arguing that the warrant for Defendant's blood collection contained probable cause and that the officer administering the HGN test is qualified and credible. Alternatively, the

State argues that absent the HGN test, the officer's warrant still contained probable cause to believe Defendant was impaired based on his observations during the traffic stop.

On November 27, 2018, the suppression hearing was held. At the conclusion of the hearing, the Court ordered supplemental briefing on the issues. This is the Final Decision and Order of the Court on Defendant's Motion to Suppress and Motion to Strike.

## FACTUAL AND PROCEDURAL HISTORY

On July 27, 2018, Defendant was arrested for DUI, in violation of 21 *Del. C.* §4177(a)(1), and Failure to Remain in a Single Lane, in violation of 21 *Del. C.* §4122(1). On the evening of July 27, 2018, Delaware State Trooper Duane Freeman (hereinafter "Trooper Freeman") was on patrol in Bear, Delaware, when he pulled behind a black Maserati Gran Turismo ("Maserati") in a lane on Route 40 turning left onto Frazier Road. The traffic signal to turn was green and Trooper Freeman observed the Maserati remaining stationary at the light for approximately eight seconds before proceeding through the turn. After the Maserati turned onto Frazier Road, Trooper Freeman witnessed the Maserati veering from the right lane of travel into the left lane. Trooper Freeman then proceeded to conduct a stop of the Maserati at which time Trooper Freeman made contact with Defendant. Trooper Freeman observed Defendant's eyes to be red and glassy and detected a strong odor of alcohol emanating from Defendant. Trooper Freeman proceeded to ask Defendant how much alcohol he had consumed which Defendant replied that he had one beer at a bar prior to the traffic stop. Trooper Freeman then asked Defendant to exit the vehicle for sobriety testing. Trooper Freeman conducted the HGN test but was unable to complete the Walk-and-Turn test and the One-Leg-Stand test due to a language barrier between Trooper Freeman and Defendant. Thereafter, a Portable Breathalyzer Test ("PBT") was refused by Defendant but Defendant stated that "he was not drunk but may be intoxicated." At that time, Defendant was arrested for DUI and

2

transported to Troop 2 where a search warrant was executed to collect Defendant's blood for testing.

On October 8, 2018, Defendant filed the instant Motion to Suppress. A motion hearing was held on November 27, 2018, at which time the Court ordered briefing.

On December 20, 2018, the State filed an Opening Brief on the Motion to Suppress issue. On December 28, 2018, Defendant filed a Brief in Support of the Motion to Suppress. On January 15, 2019, Defendant filed a Motion to Strike and a Rebuttal Response. On February 15, 2019, the State filed a Response to Defendant's Rebuttal Response and Motion to Strike.

## PARTIES' CONTENTIONS

Defendant argues the search warrant authorizing the collection of Defendant's blood does not contain probable cause to suspect alcohol impairment. Defendant contends that the Court should not consider the time it took Defendant to accelerate at the green light, the odor emanating from Defendant nor the appearance of Defendant's red, glassy eyes as factors amounting to probable cause. Further, Defendant argues the affiant failed to indicate any indicia of DUI training in conducting the ("HGN"). Defendant avers there is a "total absence" of any information regarding the training, education, experience or circumstances that would lend credibility to the affiant's statements. Defendant contends that it is insufficient for the affiant to merely state that he is a "TFC" with a Delaware Police agency.[1] Additionally, Defendant argues his abilities were compromised by a language barrier such that he could not understand the directions for various field sobriety tests. As a result, Defendant argues that his statement that "he was not drunk but may be intoxicated" is of little value to the probable cause analysis.[2] Therefore, Defendant moves to suppress all evidence obtained as a result of his arrest including the collection of Defendant's

---

[1] Def.'s Mot. to Suppress at 2.
[2] *Id* at 4.

3

blood and the HGN results. Lastly, Defendant moves to strike certain language used by the State in its Opening Brief which Defendant alleges attempts to use verbiage as a "grooming" agent to support probable cause.[3]

The State argues that the warrant possesses sufficient facts to establish probable cause under a totality of the circumstances analysis. Further, the State contends that the probable cause determination does not require any type of specialized training within the affidavit to indicate a fair probability that Defendant was under the influence of alcohol.[4] The State asserts that the affiant's notation that he is a trooper was sufficient to show that he possesses the necessary training and certifications to administer field sobriety tests. The State avers that the probable cause indicators include: 1) Defendant's failure to proceed through a green light for nearly eight seconds; 2) Defendant's inability to remain within one lane; 3) Defendant's red, glassy eyes and odor of alcohol; 4) Defendant's admission to having consumed an alcoholic beverage prior to driving; 5) Defendant's refusal of the PBT; and 6) Defendant's admission that he was not drunk, but that he may have been intoxicated.[5] As to the refusal of the PBT, the State argues that a refusal to submit to testing may be used to show consciousness of guilt and is to be considered when examining probable cause to arrest for DUI.[6] As to the Motion to Strike, the State avers that the observations of Defendant's driving are relevant facts for the Court's consideration and not an attempt to improperly influence the Court. The State requests that Defendant's Motion to Suppress be denied since there are adequate facts on the face of the affidavit to establish probable cause.

---

[3] Def.'s Mot. to Strike at 3.
[4] State's Br. at 2.
[5] *Id* at 3.
[6] State's Br. at 4.

## DISCUSSION

On a "motion to suppress, the State must establish, by a preponderance of the evidence, that Defendant's arrest was supported by probable cause."[7] To establish probable cause for a DUI arrest, the state "must present facts which suggest, when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a DUI offense."[8] This totality consideration is based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."[9] "The Court must examine the totality of circumstances surrounding the situation as viewed through the 'eyes of a reasonable trained police officer in similar circumstances, combining the objective facts with the officer's subjective interpretation of those facts.'"[10]

*Court of Common Pleas Civil Rule 12(f)* states in relevant part that "the Court may order to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[11] "Because motions to strike are disfavored in Delaware, they are granted sparingly and only where "clearly warranted.'"[12] "The applicable test in determining whether to strike is whether the challenged averment is relevant to an issue in the case and whether the averment is unduly prejudicial."[13]

---

[7] *State v. Anderson*, 2010 WL 4056130, at *3 (Del. Super. Oct. 14, 2010).

[8] *Lefebvre v. State*, 19 A.3d 287, 293 (Del. 2011).

[9] *State v. Cardona*, 2008 WL 5206771, at *3 (Del. Super. Dec. 3, 2008) (quoting *State v. Maxwell*, 624 A.2d 926, 928 (Del. 1993)).

[10] *State v. Kane*, No. 1210019022, 2014 WL 12684290, at *4 (Del. Com. Pl. Feb. 12, 2014); *See Woody v. State*, 765 A.2d 1257, 1262-64 (Del. 2000).

[11] CCP Civ. R. 12(f).

[12] *Hiller & Arban, LLC v. Reserves Management, LLC*, 2016 WL 3678544, at *6 (Del. Super. Jul. 1, 2016) (internal citations omitted).

[13] *The Data Centers, LLC v. 1743 Holdings LLC*, 2015 WL 6662107, at *3 (Del. Super. Oct. 27, 2015) (internal citations omitted).

## Probable Cause

Delaware case law follows that probable cause shall be viewed under a totality of circumstances standard based upon the police officers training and experience.[14] In considering whether probable cause has been shown, the Court must evaluate Defendant's assertion that Trooper Freeman should have detailed his training in the warrant to establish an opinion on Defendant's impairment. The Defense has not provided the Court with Delaware law that mandates officers to do so. Trooper Freeman wrote that the affiant was "TFC Freeman of DSP Troop 2," showing that he is a duly authorized police officer who has been trained in his duties.[15] The reviewing Court is to ensure the magistrate had a substantial basis for concluding that probable cause existed and give great deference to that determination.[16] Probable cause exists where the facts and circumstances within the police officer's knowledge, and of which the police officer had reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed.[17]

Regarding the HGN evidence, the Delaware Supreme Court held that "prior to the admission of HGN evidence the State must provide [a] proper foundation ... by presenting testimony from an expert with specialized knowledge and training in HGN testing and its underlying principles...."[18] Here, Trooper Freeman has not had an opportunity to testify about the standards set forth in the NHTSA training manual or whether the HGN test was performed in

---

[14] *State v. Wise*, 2016 WL 7468058, at *4 (Del. Super. Dec. 22, 2016); *See also State v. Reilly*, 2018 WL 7049372, at *3 (Del. Com. Nov. 30, 2018) (Court of Common Pleas found probable cause existed based on officer's observations alone).

[15] State's Br. at *Ex.* 1.

[16] *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013) citing *Illinois v. Gates*, 462 U.S. 213, 237, 103 S.Ct. 2317, 76 L.Ed.2d 527 (U.S.1983).

[17] *Bease v. State*, 884 A.2d 495, 498 (Del. 2005) citing *State v. Maxwell*, 624 A.2d 926, 928 (Del.1993); *Brinegar v. United States*, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)

[18] *Miller v. State*, 4 A.3d 371, 374 (Del. 2010), citing *Zimmerman v. State*, 693 A.2d 311, 314 (Del.1997) (citing *State v. Ruthardt*, 680 A.2d 349, 351–52 (Del.Super.1996)).

accordance with NHTSA standards." Trooper Freeman will have an opportunity to testify as to his training qualifications at trial.

The State's contention that Defendant's refusal to submit to sobriety testing is admissible to show consciousness of guilt at trial has been found relevant for a Court to consider when examining probable cause.[19] Further, the totality of circumstances standard applies to the indicators present, not what was missing and therefore, Defendant's assertion that the Court should take into consideration the absence of other indicators of impairment is not the standard by which probable cause is evaluated.

As to Defendant's lack of proficiency in English, the Court does acknowledge Defendant's apparent confusion as to the Walk-and-Turn test and One-Leg-Stand test, and the potential that the language issues caused the comment regarding intoxication. Defendant's nonperformance of these tests will not be considered in the probable cause analysis; nor will the Court consider the comments on intoxication. Contrary, Defendant's language barrier does not negate his refusal to submit to the PBT because Defendant's actions showed he was aware of what the PBT test entailed. The defendant in *Zarco v. State*, submitted to the PBT even though "due to a language barrier, [the officer] was unable to perform standard field sobriety tests.[20] In another Delaware case, the defendant advised the trooper that he could not perform the alphabet test due to a language barrier but he did perform the HGN, Walk-and-Turn, One-leg Stand and PBT.[21] Accordingly, Defendant's refusal to submit to the PBT test is included in the probable cause analysis.

---

[19] *Church v. State*, 11 A.3d 226 (Del. 2010) (A defendant's refusal to submit to testing may be used for any relevant purpose, including to show consciousness of guilt).
[20] *Zarco v. State*, No. NONE SUPPLIED, 2014 WL 2111696, at *1 (Del. Super. Ct. May 15, 2014), aff'd, 106 A.3d 1050 (Del. 2015).
[21] *Ortiz-Bernal v. Shahan*, No. CIV.A. 2001-09-409, 2002 WL 32070727, at *2 (Del. Com. Pl. Apr. 16, 2002).

7

For the aforementioned reasons, the Court concludes probable cause existed based upon the following observations of Trooper Freeman: 1) Defendant's failure to proceed through a green light for nearly eight seconds; 2) Defendant's inability to remain within one lane; 3) Defendant's red, glassy eyes and odor of alcohol; 4) Defendant's admission to having consumed an alcoholic beverage prior to driving; and 5) Defendant's refusal of the PBT. Here, there was a substantial basis for the magistrate to conclude that probable cause existed and therefore, the warrant is valid.

Lastly, the Court does not agree with Defendant's assertions in the Motion to Strike, as the State's recitation of the facts are neutral and do not provide a different understanding of the contents of the affidavit. The State's verbiage is merely a summarization of the facts and the Court does not find that it was an attempt to influence the Court, groom the existence of probable cause, or that it results in undue prejudice to Defendant.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 12th day of April, 2019, that Defendant's Motion to Suppress and Motion to Strike be **DENIED.** The matter is scheduled for a jury trial on April 30, 2019.

The Honorable Carl C. Danberg
Judge

cc:    Shawn Johnson, Judicial Case Manager

8