**Robert C. CLENDANIEL, Defendant Below, Appellant,**

v.

**Robert J. VOSHELL, Director of the Division of Motor Vehicles, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 13, 1988.
Decided: July 14, 1989.

---

Michael J. Rich, Morris, Nichols, Arsht & Tunnell, Georgetown, for appellant.

Diane J. Bartels, Deputy Atty. Gen., Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY and WALSH, JJ.

CHRISTIE, Chief Justice:

In this case the Court is called upon to decide if an administrative procedure to revoke a person's driver's license based on an administrative determination that the person has violated 21 *Del.C.* § 2742 may go forward even though a prior criminal proceeding based on the same incident had been dismissed with prejudice at the request of the State. We hold that under some circumstances, including those here present, an administrative action to revoke a driver's license is not barred by rulings made or events occurring in a prior criminal trial.

The evidence tends to indicate that at about midnight on July 2, 1986, the defendant below/appellant, Robert C. Clendaniel, was out driving with his fiancee. As Clendaniel was driving around a curve at Abbott's Mill Pond in Sussex County, his car went off the road and crashed against a guardrail. Neither Clendaniel nor his fiancee was seriously injured in the accident. After the couple gathered some of their personal effects from the overturned vehicle, they went to a nearby house. Clendaniel then proceeded to call his parents and, after a delay of fifteen to thirty minutes, the State Police.

State Trooper Robert Tebbins responded to the call and arrived at the scene of the accident shortly after 2 a.m. At that time Clendaniel and his fiancee were standing near the overturned car. They both informed the trooper that they were all right.

Clendaniel stated that he "came around the corner too fast, and lost her." Tebbins then spoke with Clendaniel alone. As Tebbins conversed with Clendaniel he detected the odor of alcohol. Tebbins had Clendaniel perform a series of field sobriety tests, which Clendaniel performed poorly. Tebbins also observed that Clendaniel's eyes were watery, bloodshot, and somewhat dilated. Tebbins then took Clendaniel to the Milford Police Station and administered a Breathalyzer test. Clendaniel was charged with operating a motor vehicle while under the influence of alcohol. 21 *Del.C.* § 4177.

On July 22, 1986, a criminal hearing on the charge was held before a Justice of the Peace. Tebbins was the only person who testified at the hearing before the proceedings were terminated. He testified to the events preceding the administration of the Breathalyzer test. Clendaniel made a motion to suppress (1) evidence of the Breathalyzer test on the ground that the State could not show that the test was given within four hours of the accident, as is required by 21 *Del.C.* § 4177(b), and (2) any statements he made to Tebbins unless there was independent evidence to corroborate them on the ground that a confession alone is insufficient to establish the *corpus delicti. See Stokes v. State,* Del.Supr., 402 A.2d 376, 382 (1979). The trial judge granted the motion to suppress. Under the circumstances, the State then indicated that it did not wish to proceed with the trial. The trial judge then granted the defendant's motion to dismiss the charge with prejudice.

Later, Clendaniel received notice that his driving license was being revoked administratively pursuant to 21 *Del.C.* § 2742.[1] Clendaniel exercised his right to request an administrative hearing, which was held on August 7, 1986. Tebbins was the only witness to appear for the State. At the hearing Clendaniel was not allowed to cross-examine Tebbins as to the testimony Tebbins gave at the criminal trial. The Division of Motor Vehicles hearing officer found that on the night of the alleged offense, Tebbins had probable cause to believe Clendaniel had violated 21 *Del.C.* § 4177 and that the preponderance of evidence indicated that he had violated 21 *Del.C.* § 4177. Upon appeal, the Superior Court ruled that it was error for the hearing officer to have considered the Breathalyzer results because the State could not show that the Breathalyzer had been administered within four hours of the accident, as is required by 21 *Del.C.* § 4177(b). In addition, the Superior Court ruled that it was error for the hearing officer to prohibit Clendaniel from cross-examining Tebbins regarding statements Tebbins had made at the criminal hearing. The Superior Court found that these errors made it necessary for there to be a new determination on the limited issue of whether or not there was probable cause for the trooper to charge the defendant with a violation of 21 *Del.C.* § 4177. Therefore, the matter was remanded to the Department of Motor Vehicles to conduct a new administrative hearing.

A second administrative hearing was held on May 4, 1987. At that hearing a different hearing officer found that the trooper had probable cause to justify his actions and ordered the revocation of the defendant's driving privileges. The Superior Court then affirmed the revocation on appeal.

■ Clendaniel now appeals that revocation order to this Court. His first contention is that the State failed to establish the

---

**1.** The relevant portions of 21 *Del.C.* § 2742 provide, *inter alia,* that when a police officer certifies that probable cause existed to believe that the person in question was in violation of 21 *Del.C.* § 4177 and that person was arrested on the relevant occasion for a violation of § 4177, the Secretary of Public Safety shall revoke the person's driver's license and/or driving privilege for a period of 3 months for a first-time driving under the influence offender. 21 *Del.C.* § 2742(c).

The person whose license is being revoked then receives notice of the revocation and has a 15–day period to request, if he so wishes, an administrative hearing on the matter. The revocation does not become effective until the final decision of the hearing officer resulting in a decision adverse to the person. 21 *Del.C.* § 2742(d).

proof necessary under 21 *Del.C.* § 2742 to sustain a finding that his license should be administratively revoked. To prevail pursuant to 21 *Del.C.* § 2742(f) the State must: (1) prove that the police officer had probable cause to charge the defendant with the offense of operating a motor vehicle while intoxicated and (2) prove by a preponderance of the evidence that the defendant committed the offense. Clendaniel contends that the State's evidence did not meet either prong of the above test. We find the defendant's contentions to be without merit.

There is ample evidence in the record to support the administrative hearing officer's determination that Trooper Tebbins had probable cause to believe that Clendaniel violated 21 *Del.C.* § 4177. This Court has stated that a police officer has probable cause to arrest someone when the officer possesses "information which would warrant a reasonable man in believing that a crime had been committed." *Garner v. State*, Del.Supr., 314 A.2d 908, 910 (1973). Before Tebbins arrested Clendaniel, Clendaniel had admitted to losing control of the overturned automobile; there was an odor of alcohol emanating from him; his eyes were watery and bloodshot, and his pupils were dilated; and he performed the field sobriety tests unsteadily. These factors taken together support a finding that probable cause existed to charge Clendaniel with driving under the influence of alcohol. The factors also support the hearing officer's determination that the preponderance of evidence showed that Clendaniel had violated 21 *Del.C.* § 4177.

▮ Clendaniel's second contention is that both administrative hearing officers committed errors of law by failing to make an explicit finding that the evidence proved by a preponderance of the evidence standard that Clendaniel violated 21 *Del.C.* § 2742.

Although in a sense the defendant is correct that neither hearing officer made an "express finding" that the defendant had committed the violation by a preponderance of the evidence, this contention is irrelevant. There is no requirement in 21

*Del.C.* § 4177 that a hearing officer make any "express finding"; the section merely requires that "[t]he scope of the hearing shall cover" the probable cause and preponderance of the evidence issues. 21 *Del.C.* § 2742(f).

At the start of the first hearing the hearing officer specifically stated that he was required to find whether the State Police had probable cause to believe there had been a violation of 21 *Del.C.* § 4177 and whether such a violation could be shown by a preponderance of the evidence. At the end of the hearing the officer found that the evidence was sufficient to support his finding of a violation. There is no indication that the hearing officer did not adhere to his stated standards, as required by the statute.

The defendant's contention regarding the second hearing officer is also without merit. At the second hearing there was no determination of the issue of whether the violation of the statute could be shown by a preponderance of the evidence because only the issue of probable cause had been remanded for determination.

▮ Clendaniel's final contention is that the Justice of the Peace's decision acquitted Clendaniel of the criminal charge, and that this decision should act as *res judicata* to the administrative proceedings which were later conducted. It is evident, however, that the appellant was not acquitted of the criminal charge. As mentioned previously, the State chose not to proceed with the charge, and the trial judge then dismissed the charge with prejudice.

▮ In support of his contention the appellant stresses that the docket sheet dated July 22, 1986, states that a motion "for acquittal was granted." However, Justice of the Peace Mulvaney's written order on the case dated July 21, 1988, specifically states that the court granted the defendant's motion "for a dismissal with prejudice." The written order contains no mention of an acquittal. The written order, not the docket sheet, is the official disposition of a case.

It should also be noted that because the required burden of proof for the administrative action here under review is different from that required in a criminal case, even if the appellant had obtained an acquittal, such acquittal would not bar a subsequent administrative proceeding on the same charge. *Cf. Ashe v. Swenson,* 397 U.S. 436, 444–45, 90 S.Ct. 1189, 1194–95, 25 L.Ed.2d 469, 475–76 (1970) (double jeopardy only implicated if finding on issue at first trial necessarily acts as collateral estoppel). A later administrative proceeding would be barred under the circumstances here present only if a trial judge had specifically found that the State had failed to prove that the police officer had probable cause for his actions.

The decision of the Superior Court is AFFIRMED.