IN THE COURT OF COMMON PLEAS IN THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | Case No.: 1308019465 |
| v. | ) | |
| | ) | |
| LOUIS J. DANDREA | ) | |
| Defendant. | ) | |

Melissa L. Dill, Esquire
Liguori & Morris
46 The Green
Dover, DE 19901
Attorney for the Defendant

Zachary George, Esq.
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19901
Attorney for the State

Date Submitted: February 24, 2014
Date Decided: April 2, 2014

## DECISION ON MOTION TO SUPPRESS

Defendant, Louis J. Dandrea, has been charged with Driving Under the Influence of Alcohol ("DUI") in violation of 21 *Del. C.* § 4177(a)(1). The defendant filed a motion to suppress evidence prior to trial alleging the arresting law enforcement officer lacked reasonable and articulable suspicion for the traffic stop and lacked probable cause for the subsequent DUI arrest. The Court heard the defendant's motion, along with argument, and reserved decision. After a careful consideration of the evidence and applicable law, the Court **DENIES** the defendant's motion to suppress.

## FACTS

At approximately 1:15 A.M., a law enforcement officer for the City of Harrington was patrolling within his jurisdiction when he noticed a black pickup truck traveling southbound on a roadway divided into two clearly marked lanes of traffic. There was no other traffic on the road. The operator of the vehicle was driving well below the posted speed limit of 35 miles per hour and was swerving severely. The vehicle was traveling in the left lane. As the officer followed the vehicle, he observed it drift over the dividing line separating the left lane from the right lane three times. The vehicle drifted so severely over the dividing line that at one point half of the vehicle was in the right lane. After drifting over the dividing line into the right lane, the officer observed the vehicle correct itself back into the left lane and subsequently drift to the far left to the solid fog line. The vehicle drifted so severely to the left that at one point it actually crossed the fog line. The officer then activated his emergency lights and pulled the defendant over. There was nothing noteworthy about the defendant's stop of his motor vehicle.

When the officer approached the defendant's vehicle, he could smell a moderate odor of alcohol starting about three feet away from the driver's side window. He noticed that the defendant's eyes were glassy and watery and that his speech was slurred. He asked the defendant whether he had been drinking that night. The defendant indicated that he had been drinking at Harrington Raceway, but, "not very much." The defendant then indicated that he "had two."[1] The officer asked the defendant to perform the alphabet test and the counting test. He performed both of these tests well.

Next, the officer asked the defendant to step out of his vehicle, which he did with no difficulty, and he had him perform two field sobriety tests. The defendant performed the walk and turn test fairly well, slightly stepping off the line once or twice and missing heel-to-toe. The

---

[1] Later, after he was out of his vehicle, the defendant indicated that he had one beer forty-five minutes ago.

officer also had the defendant perform the one-leg stand test. He asked the defendant to hold one of his feet off the ground in front of his body and count out loud to thirty, while keeping his hands down. The defendant followed instructions and performed this test well. At this point, the defendant was detained for an intoxilyzer test and subsequently charged with DUI.[2]

The defendant has filed a motion to suppress evidence alleging that the officer lacked the requisite reasonable and articulable suspicion to believe that a crime had been committed or was about to be committed when he stopped the defendant. He also contends that the officer lacked probable cause to believe that the defendant was driving his vehicle while impaired when he was arrested for DUI.

## DISCUSSION

### I. Reasonable Articulable Suspicion Existed

"Reasonable articulable suspicion exists when an 'officer [ ] points to specific facts, which viewed in their entirety, accompanied by rational inferences, support the suspicion that the person sought to be detained was in the process of violating the law.'" *State v. Lackford*, 2014 WL 1230765, at *3 (Del. Super. Jan. 29, 2014) (alteration in original) (quoting *Cummings v. State*, 765 A.2d 945, 948 (Del. 2001)). "A determination of reasonable articulable suspicion is 'both somewhat abstract and fact specific,' turning on the particular circumstances of each case." *State v. Mulholland*, 2013 WL 3131642, at *3 (Del. Com. Pl. June 14, 2013). An officer's failure to specify an exact motor vehicle violation as the purpose for conducting a stop does not preclude the court from concluding that the officer had reasonable articulable suspicion to make the stop. *State v. Shockley*, 2004 WL 844187, at *3 (Del. Com. Pl. Feb. 10, 2004). "The facts

---

[2] The defendant was also charged with improper lane change in violation of 21 *Del. C.* § 4122(1). This charge was subsequently *nolle prossed* by the State.

need only provide a basis for the court to determine whether the State has shown that the stop was reasonable under the circumstances." *Mulholland*, 2013 WL 3131642, at *3.

In *Mulholland*, the court held that an officer had reasonable and articulable suspicion to stop a defendant when the officer testified that he observed the defendant's vehicle cross the fog line and weave within its lane of traffic. *Mulholland*, 2013 WL 3131642, at *1. In *Shockley*, the court held that an officer had reasonable and articulable suspicion to stop a defendant when the officer testified that he observed the defendant's vehicle swerving several times within its lane of traffic, cross over the center line into on-coming traffic, and almost collide with another vehicle. *Shockley*, 2004 WL 844187, at *1. *But see State v. Edwards*, 2002 WL 32000657, at *2 (Del. Com. Pl. May 31, 2002) (concluding that where the only observation made by an officer was a *minimal amount* of crossing over the shoulder line by a defendant, there was not reasonable suspicion for a stop.).

In this case, the Court concludes that the officer had a reasonable and articulable suspicion to stop the defendant. The totality of the circumstances gave the officer justifiable cause to reasonably believe the defendant was driving under the influence. The defendant was observed by the officer driving at a speed substantially under the posted speed limit and swerving severely. The defendant drifted over the dividing line into the right lane multiple times and subsequently overcorrected his vehicle back into the left lane and over the fog line. As a result of the severity of the defendant's inability to drive within his lane of traffic, the Court concludes that the officer had a reasonable and articulable suspicion to stop the defendant for DUI.

## II. Probable Cause Existed

"Probable cause to arrest for a DUI offense exists when an officer possesses 'information which would warrant a reasonable man in believing that [such] a crime ha[s] been committed.'" *Lefebvre v. State*, 19 A.3d 287, 292 (Del. 2011) (alterations in original) (quoting *Clendaniel v. Voshell*, 562 A.2d 1167, 1170 (Del. 1989)). Probable cause is established when under the totality of the circumstances, based on the facts as viewed by a reasonable officer in light of his training and experience, the court believes that the officer had sufficient knowledge at the time of the arrest to conclude that the defendant was driving under the influence. *Mulholland*, 2013 WL 3131642, at *3-4. "A police officer may consider irrational, erratic, or belligerent behavior in making his or her probable cause determination." *State v. Trager*, 2006 WL 2194764, at *6 (Del. Super. July 28, 2006).

"A traffic violation combined with odor of alcohol does not alone constitute probable cause to arrest for DUI, but may amount to reasonable suspicion of DUI and justify a request to perform [field] tests." *Mulholland*, 2013 WL 3131642, at *4. However, "[t]here are many factual scenarios where probable cause to arrest for a DUI offense is so clear that the driver is not asked to perform any field tests." *Lefebvre*, 19 A.3d at 295. In *Mulholland*, the court held that "*minor* weaving within lanes, odor of alcohol, bloodshot eyes at midnight, and admission to drinking at a funeral earlier in the day" were not facts sufficient to establish probable cause prior to the defendant's performance on any field tests. *Mulholland*, 2013 WL 3131642, at *5 (emphasis added). The court concluded that what was absent from the facts "was unusual speech, plus something more (i.e. being argumentative, having a flushed face, or failing an alphabet test)." *Id.*; *see Lefebvre*, 19 A.3d at 293 (holding that probable cause preexisted field tests when there was a traffic offense, strong odor of alcohol, flushed face, bloodshot and glassy

5

eyes, admission to drinking an hour earlier, flustered and argumentative behavior, and a statement by the defendant prior to performance of the one-leg stand test that she could not perform the test sober.); *Bease v. State*, 884 A.2d 495, 499-500 (Del. 2005) (holding there was probable cause to arrest the defendant prior to performing field tests based on the defendant's rapid speech, odor of alcohol, admission to drinking, bloodshot and glassy eyes, and improper lane change).

In this case, the Court concludes that under the totality of the circumstances, sufficient probable cause existed to arrest the defendant prior to his performance of any field tests. The defendant's severe and erratic swerving from the left lane into the right lane multiple times and from the left lane over the fog line, combined with a moderate odor of alcohol, glassy and watery eyes, slurred speech and admission to recently drinking were facts sufficient to establish probable cause that the defendant was DUI prior to the defendant's performance of any field tests. Therefore, the defendant's motion to suppress is denied.

## CONCLUSION

Based on the foregoing analysis, the Court finds that under the totality of the circumstances, the officer had a reasonable and articulable suspicion to stop the defendant for DUI and probable cause to arrest the defendant for DUI. Therefore, the defendant's motion to suppress is denied.

**IT IS SO ORDERED this 2nd day of APRIL, 2014.**

_____
CHARLES W. WELCH
JUDGE