# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | ID No. 1702006809 |
| v. | ) | In and For Kent County |
| | ) | |
| ANGELA M. IUBATTI | ) | |
| Defendant. | ) | |

## ORDER

Submitted: July 21, 2017
Decided: August 7, 2017

On this the 7th day of August 2017, having considered Defendant Angela Iubatti's (hereinafter "Ms. Iubatti") motion to suppress and the State's response, it appears that:

1. Ms. Iubatti seeks to suppress all evidence resulting from a police stop, or in the alternative, the results of certain field sobriety tests administered to her by Officer Mitchell on January 14, 2017. The facts cited herein are as they appear to the Court following consideration of the parties' submissions and argument at the hearing on July 21, 2017.

2. On the date in question, the Dover police responded to a report that a woman was sitting in a running vehicle on the side of the road and appeared to be ill or impaired. Responding officers thereafter noticed Ms. Iubatti in her vehicle near the intersection of Clara Street and North Governor's Avenue in Dover, and approached her, believing her to match the description of the woman in the report.

1

Before making contact, the officers noticed Ms. Iubatti was "nodding off" in her vehicle. Upon contact with the police officers, Ms. Iubatti stated that she believed she was in Wilmington or Felton. The officers noticed that her eyes were bloodshot and glassy and her pupils were enlarged. Her speech was slurred and slow. When questioned about her condition, Ms. Iubatti responded that she was simply very tired.

3. Believing Ms. Iubatti to be impaired, Officer Mitchell directed Ms. Iubatti to perform a number of field sobriety tests. Ms. Iubatti first performed finger dexterity and alphabet tests, which she passed. She also performed a counting backwards test which she did not perform correctly. She correctly performed a horizontal gaze nystagmus test, but incorrectly performed a walk and turn (hereinafter "WAT") and one legged stand (hereinafter "OLS") test. Before these last tests, Ms. Iubatti informed the officers that she had arthritis. A search warrant was then prepared for her blood. When the warrant was approved, Ms. Iubatti was transported for a blood draw, and the results of the test revealed cocaine in her system.

4. In her motion to suppress, Ms. Iubatti contends that (1) the counting test is not a standardized field sobriety test and therefore unsupportive of probable cause, (2) the walk and turn and one legged stand tests were incorrectly administered and unsupportive of probable cause because Ms. Iubatti has arthritis and she informed the officers of that fact, and (3) the officers lacked probable cause to arrest Ms. Iubatti for DUI or to administer a blood test on her.

5. The State replies that the tests were properly administered and that the officers had probable cause to arrest Ms. Iubatti and test her blood based on (1) her bloodshot, glassy eyes and enlarged pupils; (2) her slowed and quiet speech; (3) the failed counting test, (4) the failed walk and turn test, (5) the failed one legged stand test, and (6) confusion as to location.

2

6. A police officer must have probable cause to believe a person was driving while under the influence of alcohol or drugs before requiring the person to submit to chemical testing, such as a PBT.[1] Probable cause to arrest for a DUI offense exists when an officer possesses "information which would warrant a reasonable man in believing that [such] a crime ha[s] been committed."[2] The State has the burden of presenting evidence that suggests "when those facts are viewed under the totality of the circumstances, that there is a fair probability" that the defendant has committed a DUI.[3]

7. While probable cause analyses are not subject to mathematical precision, past decisions have enumerated certain factors supportive of a probable cause determination, including: confusion as to whereabouts,[4] failing a counting test,[5] bloodshot and glassy eyes,[6] irregular speech,[7] and failing other validly performed field sobriety tests.[8] Successful performance on some field sobriety tests

---

[1] 21 Del. C. § 2740 ("The testing may be required of a person when an officer has probable cause to believe the person was driving, operating or in physical control of a vehicle" while impaired.); *Bease v. State,* 884 A.2d 495, 498 (Del. 2005).

[2] *Clendaniel v. Voshell,* 562 A.2d 1167, 1170 (Del.1989) (citation omitted).

[3] *State v. Maxwell,* 624 A.2d 926, 929 (Del.1993).

[4] *Maulo v. State,* 27 A.3d 551 (Del. 2011).

[5] *State v. Ministero,* 2006 WL 3844201 at *3 (Del. Super. Ct. Dec. 21, 2006) ("An individual's performance on 'memory' type tests are factors an officer may use to determine whether probable cause exists to arrest an intoxicated person, just like the officer's observations of the defendant's driving or his personal appearance . . . . The defendant's ability to complete tests like counting and alphabet word affiliation fully fall within this category.").

[6] *Lefebvre v. State,* 19 A.3d 287, 293 (Del. 2011); *Bease,* 884 A.2d at 499–500.

[7] *Id.*

[8] *Clendaniel v. Voshell,* 562 A.2d 1167, 1170 (Del.1989)

3

does not vitiate a finding of probable cause where other valid sources of probable cause exist.[9]

8.    Failed sobriety tests may be held to be unsupportive of probable cause when proper instructions are not given, the test is administered in a rushed manner, the defendant is not physically amenable to the test, or the officer otherwise fails to observe the NHTSA standards of administration.[10]

9.    Officers who administer field sobriety tests may testify as to their methods and observations as well as whether they followed the recognized standard of procedure regarding these tests.[11] Naturally, these witnesses may be cross examined regarding any failure to observe proper procedures or applicable standards during administration of the tests.[12]

10.    Here, the Court finds the officer's testimony credible that Ms. Iubatti was nodding off, that she was confused as to her location, that her eyes were bloodshot and glassy and her pupils enlarged, that her speech was irregular, and that she failed the counting test. The Court counts these factors towards a finding of probable cause. While Ms. Iubatti argues there are potential innocent explanations of her eyes, irregular speech, and sense of confusion, the Court finds these

---

[9] *Perrera v. State*, 852 A.2d 908 (Del. 2004) ("Mixed results in field sobriety tests do not extinguish probable cause if other sufficient factors are present."). *See Lefebvre,* 19 A.3d at 293 (reaffirming probable cause not extinguished despite defendant's success on certain field tests).

[10] *Miller v. State*, 4 A.3d 371, 374 (Del. 2010) ("Because [the officer] did not testify as to the NHTSA standards or compliance with those standards, the trial judge erred by considering the results of these tests in his probable cause analysis."). *See State v. Mulholland*, 2013 WL 3131642 at *5 (Del. Com. Pl. 2013).

[11] *King*, 2007 WL 1153058, at *6.

[12] *Id.*

4

explanations unconvincing, and potential innocent explanations do not require the Court to disregard factors supportive of probable cause.[13]

11. The Court finds the WAT and OLS tests unreliable, due to Ms. Iubatti's claimed arthritis in her legs, a disability that could have prevented her from performing the tests correctly. It appears that when Ms. Iubatti informed the officer of her disability and the officer nonetheless chose to administer the tests, this was not in conformity with NHTSA standards, and therefore the Court does not give the results any weight in its determination of probable cause.[14] It further appears from the record that NHTSA standards require the surface on which the tests are performed to be level if possible. The Court finds that the surface on which Ms. Iubatti performed the tests was not sufficiently level, and that level alternatives were available. For this reason also, the Court gives no weight to any potential failure of the WAT and OLS tests.[15]

12. Therefore, based on the above factors, the Court determines that the totality of the circumstances, including Ms. Iubatti's extreme confusion as to whereabouts, nodding off, bloodshot and glassy eyes and enlarged pupils, irregular speech, and failed counting test are sufficient to warrant a finding of probable cause.

---

[13] *State v. Maxwell,* 624 A.2d 926, 930 (Del.1993).

[14] *State v. King,* 2007 WL 1153058, at *6 (Del. Super. Ct. Mar. 30, 2007); *see State v. Ministero,* 2006 WL 3844201 at *4 (Del. Super. Ct. Dec. 21, 2006) (affirming that the results of a walk and turn test and balance test should be excluded where the defendant "stated he had surgery on his neck and back").

[15] *See State v. Fernandes,* 2015 WL 3793339, at *3 (Del. Com. Pl. June 2, 2015) (suggesting that results of WAT tests performed on an incline may be unreliable unless special instructions are given to remedy interference with the test results).

WHEREFORE, Ms. Iubatti's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

**/s/ Noel Eason Primos**

Judge

NEP/wjs