# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EDGAR VERDE, Appellant Below,   :

Appellant,                      :     Case No. S20A-12-007 CAK

v.                            :

JANA SIMPLER, in her capacity as  :
Director of the Division of Motor     :
Vehicles, Appellee Below,        :

Appellee.                     :

Submitted:  June 14, 2021

Decided:  June 25, 2021

### *Appeal from Court of Common Pleas Decision*
### *Affirming Administrative Ruling of*
### *Delaware Division of Motor Vehicles*

**AFFIRMED**

## <u>MEMORANDUM OPINION AND ORDER</u>

Michael Abram, Esquire, 120 S. Bedford Street, Georgetown, DE 19947, Attorney for Appellant.

Ann C. Cordo, Esquire, Deputy Attorney General, 800 North French Street, 6th Floor, Wilmington, DE 19801, Attorney for Appellee Jana Simpler, Director, Division of Motor Vehicles, Delaware Department of Transportation.

**KARSNITZ, J.**

## PROCEDURAL HISTORY

On February 11, 2020, Appellant, Edgar A. Verde ("Appellant") appeared before a Delaware Division of Motor Vehicles ("DMV") Hearing Officer in a hearing to determine the following: (1) with respect to 21 *Del.* C. § 2742, whether there was probable cause to believe Appellant was driving, operating or had physical control of a vehicle while under the influence in violation of 21 *Del.* C. § 4177; and, (2) whether Appellant refused to permit chemical testing after being informed of the revocation penalty under 21 *Del.* C. § 2742. On February 21, 2020, the DMV Hearing Officer, based on a preponderance of the evidence, issued a Hearing Disposition (the "DMV Decision") in favor of Appellee, Jana Simpler, in her capacity as the Director of the DMV ("Appellee"), finding that there was probable cause to believe Appellant was driving under the influence and that Appellant refused to permit chemical testing after being informed of the revocation penalty under 21 *Del.* C. § 2742. The Hearing Officer revoked Appellant's driver's license for a period of 12 months pursuant to § 2742(b). The DMV issued a notice of revocation, dated March 4, 2020, with an effective date of March 7, 2020.

On March 10, 2020, Appellant appealed the DMV's decision to the Court of Common Pleas pursuant to 21 *Del. C*. 2744 and Court of Common Pleas Civil

Rule 72. Additionally, on March 10,2020, Appellant filed a Motion to Stay the Suspension of his driver's license pending a decision by the Court of Common Pleas, which Appellee did not oppose. On September 15, 2020, the Court of Common Pleas issued a Decision on Appeal (the "CCP Opinion") which affirmed the DMV Decision and lifted the stay on the suspension of Appellant's driver's license.

Appellant now appeals the CCP Opinion affirming the DMV Decision to this Court pursuant to 10 *Del. C.* § 1326 and Superior Court Civil Rule 72, asking me to reverse the DMV Decision that there was probable cause to believe that Appellant (1) was driving while under the influence in violation of 21 *Del.* C. § 4177 and (2) refused to permit chemical testing after being informed of the revocation penalty under 21 *Del.* C. § 2742. Unfortunately for Appellant, he focuses primarily on what evidence the DMV Hearing Officer did *not* consider, rather than the significant evidence which the Hearing Officer *did* consider. Based on that latter evidence, I affirm the Hearing Officer's findings, as affirmed below by the Court of Common Pleas.

# FACTS[1]

On July 20, 2019, Delaware State Police Corporal Langdon ("Langdon") observed Appellant driving a vehicle with both passenger tires within the solid white fog line on the shoulder. Langdon subsequently observed Appellant cross over the white fog line again with both passenger side tires. Appellant returned to the travel lane before crossing over the double yellow center line with both driver side tires and remaining over the center line for a short distance. The vehicle then returned to the travel lane before veering over the double yellow center line again. Appellant returned to the travel lane before drifting across that lane and over the fog line again with both passenger tires. Appellant drifted across the fog line four more times, including one time where Appellant straddled the fog line for a short distance before correcting himself. Appellant then failed to stop at an intersection with a four-way stop sign with flashing red lights. Appellant slowed and turned on his right turn signal but failed to come to a complete stop.

Langdon activated his emergency lights and conducted a traffic stop. Langdon approached Appellant, the only occupant of the vehicle, and detected a strong odor of alcohol emanating from Appellant and his vehicle. Langdon observed Appellant exhibiting bloodshot and glassy eyes. Appellant admitted to

---

[1] My findings of relevant facts are based upon evidence provided in the record of the DMV hearing.

consuming two beers at his friend's house. Appellant did not make eye contact with Langdon. Langdon asked Appellant to perform a series of field sobriety tests. Appellant exited the vehicle without any difficulty and had average speech. Appellant refused to complete any tests at the scene and asked to have them conducted back at the Troop. Appellant stated that the road was not level, although Langdon observed no issue with the road. Langdon asked Appellant to submit to a portable breathalyzer test and Appellant again refused. Langdon transported Appellant back to the Troop and placed him in the breathalyzer room. Langdon read Appellant the implied consent and read the contents of the form into the record. Appellant refused to give the sample and gave no reason for his refusal. Appellant signed the implied consent form that was entered into the record. Appellant was then arrested and charged with driving a motor vehicle under the influence of alcohol in violation of 21 *Del. C.* § 4177 and failure to stop at a stop sign in violation of 21 *Del. C.* § 4164.[2]

## STANDARD OF REVIEW

The Delaware Supreme Court has long established that "the scope of review of an appeal from an administrative decision of the Division of Motor Vehicles is limited to correcting errors of law and determining whether

---

[2] On October 1, 2019, Appellant entered a guilty plea in the Court of Common Pleas to the charge of Failing to Stop at a Stop Sign. The Driving Under the Influence charge was dismissed.

substantial evidence of record exists to support the findings of fact and conclusions of law."[3]  Moreover, "findings of fact will not be overturned on appeal as long as they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[4]

> If substantial evidence exists, [the] Court "may not re-weigh and substitute its own judgement for that of the Division of Motor Vehicles," because "the hearing officer is in the best position to evaluate the credibility of the witnesses and the probative value of real evidence." Findings of the hearing officer will not be overturned so long as they are "sufficiently supported by the record and [are] the products[s] of an orderly and deductive process."  However, "when the facts have been established, the hearing officer's evaluation of their legal significance may be scrutinized upon appeal."[5]

## ANALYSIS

### Substantial Evidence Exists to Support the Hearing Officer's Finding of Probable Cause

Appellant appealed the decision of the DMV Hearing Officer on the grounds that the Hearing Officer erred as a matter of law in her determination that the arresting officer had probable cause to believe Appellant was in violation of 21 *Del. C.* § 4177, driving while under the influence, and whether substantial

---

[3]*Eskridge v. Voshell,* 593 A.2d 589, 1991 WL 78471 at *2 (Del. 1991) (citing *Levitt v. Bouvier,* 287 A.2d 671 (Del. 1972)).
[4] *Id.*
[5] *Spencer v. Cohan,* 2013 WL 5494718, at *2 (Del. Com. Pl. Oct. 2, 2013) (citations omitted).

evidence supports the Hearing Officer's factual findings and conclusions of law. Pursuant to 21 *Del. C.* § 2742(f), the DMV may only revoke the driver's license of a person charged with driving a motor vehicle while under the influence of alcohol if, in addition, to finding probable cause, the Hearing Officer finds, by a preponderance of the evidence, that the person was in violation of 21 *Del. C.* § 4177.[6]

The following seven (7) facts were considered by the DMV Hearing Officer in making her determination:

(1) Appellant crossed the solid white fog line seven times, at one point traveling for a short distance before it was corrected, and he crossed the solid yellow center line two times, at one point traveling for a short distance before it was corrected. (Tr. at 4:4-24, 5:1-20) DMV Op. at ¶1; Conclusion; Op. at 6);

(2) Appellant failed to come to a complete stop at a four way stop sign prior to making a right turn. (Tr. at 6:1-4; Hr. Disp. at ¶ Conclusion; Op. at 6);

(3) Langdon testified that he "detected a strong odor of alcohol, alcoholic beverages coming from [Appellant]" (Tr. at 6:12-14, Hr. Disp. at ¶ 3, Conclusion; Op. at 6);

---

[6] *Clendaniel v. Voshell,* 562 A.2d 1167, 1170 (Del.1989).

(4) Appellant had "bloodshot and watery eyes" (Tr. at 6:15-16; DMV Op. at ¶ 3; Op. at 6);

(5) Appellant told Corporal Langdon that he had had "two beers at his friend's house." (Tr. at 7:1-2; Hr. Disp. at ¶2; Op. at 6);

(6) Appellant looked down and would not make direct eye contact with Corporal Langdon. (Tr. at 7:3-6; Hr. Disp. at ¶2; Op. at 6); and,

(7) Langdon is an experienced police officer. (Tr. at 3:13-17).

Appellant raises the following four (4) objections to the DMV Hearing Officer's determination:

(1)    The Hearing Officer failed to explicitly state that erratic driving was a factor in her ruling. Appellant admits the Hearing Officer does note Langdon's testimony that Appellant crossed the while fog lines on the passenger side and the double yellow center line on the driver's side in her disposition. However, Appellant argues there is no analysis as to the degree she relied on this testimony, as there was no accident and no drifting back and forth between the two. In addition, this driving did not result in a traffic stop.

(2) The Hearing Officer failed to note that there were no comprehension issues, balance issues while exiting the vehicle, or slurred speech exhibited by Appellant.

(3) The Hearing Officer treated Appellant's request to conduct the standard field sobriety tests away from the scene as an outright refusal to complete them.

(4) The Hearing Officer did not take into account the answers given by Langdon on cross-examination by Appellant.

The Hearing Officer explicitly noted Appellant's driving over the white fog line and the double-yellow center line, as well as his straddling of both for a short period of time, in her findings of fact. Clearly the Hearing Officer made a determination that erratic driving occurred and was a part of the basis for her probable cause ruling. While Langdon did not issue a traffic citation to Appellant for this behavior, that is not required as part of a probable cause finding; rather I look at the totality of the facts and circumstances. Langdon clearly observed erratic driving that caused him to turn around and follow Appellant. Langdon conducted a traffic stop for Appellant's failure to make a full stop at a four way stop intersection, giving Langdon reasonable suspicion to stop the vehicle.

According to the Hearing Officer's findings of fact, upon contact with Appellant, Langdon smelled a strong odor of alcohol on Appellant's breath and

9

observed that he had bloodshot, glassy eyes. Moreover, Appellant admitted to just leaving a friend's home where he had consumed alcohol. Langdon also noted that Appellant would not make eye contact with him and kept his head down. The Hearing Officer noted that Appellant refused to perform any field sobriety tests at the scene under her findings of fact, and later, under the section on Appellant's testimony, she addressed Appellant's request to conduct the field tests at the Troop.

There are numerous cases with facts similar to those in the instant case where the courts have found a basis for probable cause. For example, where the defendant committed a traffic violation, spoke in a rapid manner, smelled of alcohol, had glassy bloodshot eyes and made an admission to drinking, the Court found probable cause.[7] In Appellant's case, there is erratic driving (nine times crossing the fog and double yellow center line), a traffic violation (failure to stop at a four way stop sign), the odor of alcohol, glassy bloodshot eyes, failure to make eye contact, and an admission of drinking shortly before the stop. These facts distinguish this case from *State v. Mulholland*[8], on which Appellant heavily relies. In *Mulholland*, there were only two incidents of erratic driving and an admission to drinking earlier in the day with a wait to drive home, compared to Appellant's immediately leaving a friend's home where he consumed alcohol prior to driving.[9]

---

[7] *Bease v. State,* 884 A.2d 495, 498 (Del. 2005)
[8] 2013 WL 3131642 (Del. Com. Pl. June 14, 2013).
[9] *Id.*, at *2.

The Hearing Officer checked the appropriate boxes on the disposition form for these behaviors observed by Langdon.

This case is also distinguishable from *State v. Sexton*.[10] In that case, while many of the same facts were present, there was no evidence of a traffic violation. Here there is undisputed testimony that Appellant weaved between the yellow and white lines nine times and failed to stop completely at a four way stop sign.

Appellant emphasizes certain behaviors by Appellant that were *not* noted by the Hearing Officer: no balance issues, no slurred speech, and no comprehension issues. But by not checking the boxes for these behaviors, the Hearing Officer was not ignoring those behaviors – she was simply stating that they were not observed. Not all behaviors are required to be observed in order to establish probable cause. In addition, Appellant provided no evidence there were any issues at the place of the stop that would render it difficult for him to provide the field sobriety tests. Langdon testified he saw no issues at the place of the stop and therefore refused the request to conduct the tests back at the Troop. In any event, field sobriety tests are not required to prove impairment:

> In the context of DUI arrests, probable cause is generally based on the arresting officer's observations of the arrestee, which **may** include field sobriety tests.[11]

---

[10] 2020 WL 755172, at *4 (Del. Com. Pl. Feb. 14, 2020).
[11] *Rybicki v. State,* 119 A.3d 663, 671 (Del. 2015); *Stevens v. State,* 129 A.3d 206, 210 (Del. 2015).

Appellant further speculates that there could be other reasons for his erratic driving, including cell phone usage and distraction. But "[a]n officer need not rule out potentially innocent, alternative explanations for a driver's conduct."[12]

I find that the facts relied upon by the DMV Hearing Officer and the Court of Common Pleas below support a finding of probable cause that Appellant was driving under the influence in violation of 21 *Del. C.* § 4177.

**Substantial Evidence Exists to Support the Hearing Officer's Finding that Appellant Refused Chemical Testing after being informed of the Revocation Penalty under 21 *Del. C.* § 2472**

It is undisputed Appellant refused to complete a portable breathalyzer test at the scene. Upon being transported back to the Troop, it is undisputed that Langdon read Appellant the implied consent form and Appellant refused to complete the Intoxilyzer test. Appellant signed the implied consent form notifying him of the potential consequences of failing to complete chemical testing. Langdon entered a copy of the signed implied consent form into evidence, and it is a part of the record. Appellant gave no reason for his refusal to complete chemical testing. On these facts, I find that there is substantial evidence relied upon by the DMV Hearing Officer and the Court of Common Pleas below to support a finding that Appellant refused to permit chemical testing under 21 *Del. C.* §2472.

---

[12] *Rybicki*, at 671.

## CONCLUSION

I find that the DMV Hearing Officer's findings that (1) probable cause existed to believe that Appellant was driving under the influence in violation of 21 *Del. C.* § 4177 and (2) Appellant refused to permit chemical testing as required under 21 *Del. C.* § 2742 are sufficiently supported by the record and are the product of a logical and deductive process. Both the DMV Decision and the CCP Opinion below affirming that decision are **AFFIRMED**.

**IT IS SO ORDERED.**

<u>/s/Craig A. Karsnitz</u>

cc: Prothonotary