# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAUREN BENDER, | ) | I.D. No. 2201003902 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted:  July 21, 2023
Date Decided: August 11, 2023

*Upon Defendant's Motion to Suppress.* **DENIED**.

## ORDER

Alexandra L. LeRoy, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Joseph A. Hurley, Esquire, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

## Introduction

Before the Court is Defendant Lauren Bender's ("Defendant") Motion to Suppress, brought by counsel. Defendant Lauren Bender was indicted for driving under the influence ("DUI") under 21 *Del. C.* § 4177(a).[1] Presently before the Court, Defendant has moved to suppress the results of a portable breathalyzer test ("PBT") and all evidence collected after her arrest, arguing that the arresting officer lacked probable cause. The Court has reviewed the motion and the State's response and held a suppression hearing. For the following reasons, the Defendant's Motion is **DENIED.**

## Findings of Fact

On January 12, 2022, a Newark Police Officer ("Arresting Officer") observed Defendant's vehicle run a red light at the intersection of Veterans Drive and South Main St. in Newark, Delaware. Subsequently, Arresting Officer initiated a traffic stop on Defendant. The incident was recorded on video through Arresting Officer's motor vehicle recorder and body worn camera, such video footage of the stop and subsequent investigation has been submitted and reviewed by this Court. Upon speaking with Defendant after initiating the stop, Arresting Officer observed Defendant's eyes were bloodshot and glassy, and her face flushed. In addition, Arresting Officer maintained Defendant's speech was slurred, and she was "talkative

---

[1] *See* Indictment, *State v. Bender*, ID No. 2201003902 (D.I. 2).

and giggly." Further, Arresting Officer observed what he believed to be the top of a liquor bottle under a dog bed on the backseat floorboard of the vehicle.

Upon the above observations, Arresting Officer directed Defendant to recite a portion of the alphabet and count backwards from 76-61. Defendant failed to perform tests as instructed. After Defendant stepped out of the vehicle, Arresting Officer administered a Horizontal Gaze Nystagmus ("HGN") test. Arresting Officer observed 6 of 6 clues that were indicative of impairment.

Next, Arresting Officer instructed Defendant to perform a Walk and Turn and One Leg Stand test. When asked whether she had any physical or medical condition that would prevent her from completing the tests, Defendant informed Arresting Officer that she had numbness in her feet. Defendant performed the Walk and Turn test, and Arresting Officer observed 7 clues, which, according to the National Highway Traffic Safety Administration ("NHSTA"), suggests impairment. When asked to perform the One Leg Stand test, Defendant initially declined. Defendant, however, eventually complied and failed that test as well.

After failing both the Walk and Turn and One Leg Stand tests, Arresting Officer administered a PBT which resulted in a .189% blood alcohol content. A subsequent search of Defendant's vehicle revealed an empty bottle of vodka under the passenger seat and a half-empty bottle of vodka underneath a dog bed on the

backseat floor. Arresting Officer placed Defendant under arrest and transported her to Newark Police Department, where Defendant failed an intoxilyzer test.

Defendant filed her motion to suppress on April 11, 2023, to which the State responded on May 5, 2023. Hearing on this issue was held on July 21, 2023.

### Discussion

Defendant moves to suppress the PBT results and all evidence recovered after her arrest (including the intoxilyzer results) on the ground that Arresting Officer lacked probable cause to administer the PBT. To support her contention, Defendant challenges the validity or administration of four sobriety tests conducted by Arresting Officer. First, Defendant contends that the alphabet and counting test lack scientific merit to accurately evaluate impairment by drugs or alcohol. Second, Defendant claims that Arresting Officer improperly required a Walk and Turn and One Leg Stand test because Defendant's physical and medical conditions prevented her from adequately completing either test.

A breath test is a search and thus, triggers "Fourth Amendment requirements and protections."[2] Subject to those constitutional protections, a police officer must have probable cause to believe a person is driving under the influence "before requiring the person submit to chemical testing."[3]

---

[2] *Bease v. State*, 884 A.2d 495, 498 n.4 (Del. 2005).
[3] *Lefebvre v. State*, 19 A.3d 287, 292 (Del. 2011).

4

Probable cause is determined by the totality of the circumstances and requires a showing of a probability that criminal activity is occurring or has occurred.[4] Probable cause exists where the facts and circumstances within the police officer's knowledge, and of which the police officer had reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed.[5] In the context of a DUI arrest, probable cause "exists when an officer possesses 'information which would warrant a reasonable man in believing that [such] a crime ha[s] been committed.'"[6] This standard is satisfied upon a factual showing, when viewed under the totality of the circumstances, suggesting "a fair probability that the defendant has committed a DUI offense."[7] Stated differently, the arresting officer must "possess a quantum of trustworthy factual information" to suggest that the driver is under the influence.[8]

Here, Defendant challenges the validity or use of the (1) alphabet test; (2) counting test; (3) Walk and Turn test; and (4) One Leg Stand test. Setting aside all

---

[4] *State v. Maxwell*, 624 A.2d 926, 928 (Del.1993).

[5] *Id.* at 930 (citing *Brinegar v. United States*, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)).

[6] *Lefebvre*, 19 A.3d at 292 (quoting *Clendaniel v. Voshell*, 562 A.2d 1167, 1170 (Del. 1989)).

[7] *Id.* at 292-93 (internal quotation marks omitted).

[8] *Id.* at 293.

other purported observations made by Arresting Officer suggesting that Defendant was impaired, Defendant's arguments lack merit.

To the extent Defendant challenges the scientific reliability of the alphabet or counting test, those tests have been routinely used by police and routinely recognized by Delaware courts as permissible to establish probable cause for a DUI offense. Defendant argument references no authority—scientific, legal, or otherwise—to contest the validity of these sobriety tests.

Similarly, Defendant's challenge to Arresting Officer's use of the Walk and Turn and One Leg Stand test is unavailing. Defendant claims that police officers are not permitted to administer such tests when a suspect provides a limiting physical or medical condition. Despite claiming that "NHTSA [guidelines] and Delaware case law" support her position, Defendant again fails to provide any supporting authority.[9]

Contrary to Defendant's categorical position, this Court, in *Slaney v. State*, rejected a "blanket rule" excluding results from a Walk and Turn and One Leg Stand test whenever a suspect discloses a physical or medical condition allegedly preventing them from completing either test.[10] Instead, trial courts are afforded

---

[9] Def.'s Mot. to Suppress ¶ 9.

[10] *Slaney v. State*, 2016 WL 5946485, at *4 n.65 (Del. Super. Ct. Oct. 7, 2016) ("The Court does not accept this blanket rule, for such a policy would inevitably encourage those suspected of DUI to disclose any injury that he or she has ever incurred to prevent an officer from administrating field tests regardless of whether the injury

discretion to weigh the evidentiary value of the sobriety tests based on the record presented.[11] "Failed sobriety tests may be held to be unsupportive of probable cause when proper instructions are not given, the test is administered in a rushed manner, the defendant is not physically amenable to the test, or the officer otherwise fails to observe the NHTSA standards of administration."[12]

Here, Defendant claims that she suffered from numbness in her feet and was unable to perform either test. A determination of the underlying facts and how much weight to give the Walk and Turn and One Leg Stand test would ordinarily be a factual determination made the suppression hearing. However, even accepting Defendant's reasoning for her inability to perform the Walk and Turn and One Leg Stand tests, probable cause to conduct the DUI arrest exists. Defendant does not contest that she ran a red light and failed the HGN test. The alphabet and counting tests were credible and there were additional observations made by Arresting Officer, including: (1) bloodshot and glassy eyes; (2) flushed face; (3) talkative and

---

was presently disabling."). Notably, Defense counsel in the instant case also represented the defendant in *Slaney*.

[11] *Id.* at *4 ("…it is within the appropriate discretion of the trial court to determine what weight to give sobriety tests, and so long as there is evidence in the record to support the trial court's decision, this Court is not in a position to overturn that assessment.") (internal quotation marks omitted); *see also Miller v. State*, 4 A.3d 371, 374 (Del. 2010) (affording trial court latitude to weigh evidentiary value of sobriety tests in light of evidence); *State v. Ministero*, 2006 WL 3844201, at *4 (Del. Super. Ct. Dec. 21, 2006) (same).

[12] *State v. Iubatti*, 2017 WL 3396493, at *2 (Del. Super. Ct. Aug. 7, 2017) (citing *Miller*, 4 A.3d at 374).

giggly demeanor; (4) slurred speech; and (5) the top of what Arresting Officer believed to be a liquor bottle, suggesting that Defendant was impaired. The State has established that Arresting Officer had probable cause to arrest Defendant, even if this Court were to exclude the Walk and Turn and One Leg Stand test results. Considering all these factors, this Court finds there was probable cause to support Arresting Officer arresting Defendant for DUI. There is no reason for this Court to consider the weight of the evidence of the Walk and Turn and One Leg Stand test in the determination for probable cause because even without those tests, probable cause exists.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Suppress is hereby **DENIED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**